**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding        12/15

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).*

| | | |
|---|---|---|
| 1. | **Debtor's name** | China Hospitals, Inc. |
| 2. | **Debtor's unique identifier** | **For non-individual debtors:**<br>☐ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___<br>☑ Other 138088. Describe identifier Cayman Islands Registration Number<br><br>**For individual debtors:**<br>☐ Social Security number: xxx – xx– ___ ___ ___ ___<br>☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___<br>☐ Other _____. Describe identifier _____. |
| 3. | **Name of foreign representative(s)** | Mr. Cosimo Borrelli |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | In the Matter of China Hospitals, Inc., Cause No: FSD 119 of 2018 (IKJ) |
| 5. | **Nature of the foreign proceeding** | *Check one:*<br>☑ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | **Evidence of the foreign proceeding** | ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br>_____<br>_____ |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br>☐ Yes |

Debtor    China Hospitals, Inc.
        Name

Case number (*if known*)_____

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i) all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Cayman Islands

**Debtor's registered office:**

3rd fl. Strathvale House, 90 N. Church St.
Number    Street

P.O. Box 30847
P.O. Box

George Town, Grand Cayman, KY-1204
City    State/Province/Region    ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City    State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

18 Harcourt Road
Number    Street

_____
P.O. Box

Hong Kong
City    State/Province/Region    ZIP/Postal Code

People's Republic of China
Country

**10. Debtor's website** (URL)    _____

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

Debtor  China Hospitals, Inc.                                    Case number *(if known)*_____
        Name

| | | |
|---|---|---|
| **12.** | **Why is venue proper in *this district*?** | Check one:<br>☑ Debtor's principal place of business or principal assets in the United States are in this district.<br>☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:<br>_____.<br>☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:<br>_____. |
| **13.** | **Signature of foreign representative(s)** | I request relief in accordance with chapter 15 of title 11, United States Code.<br><br>I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct,<br><br>✗ **/s/ Cosimo Borrelli**                        Cosimo Borrelli<br>Signature of foreign representative                  Printed name<br><br>Executed on  **11/24/2019**<br>              MM / DD / YYYY<br><br>✗ _____     _____<br>Signature of foreign representative                  Printed name<br><br>Executed on  _____<br>              MM / DD / YYYY |
| **14.** | **Signature of attorney** | ✗ **/s/ Christopher J. Marcus**              Date  **11/24/2019**<br>Signature of Attorney for foreign representative           MM / DD / YYYY<br><br>Christopher J. Marcus<br>Printed name<br><br>Kirkland & Ellis LLP<br>Firm name<br><br>600 Lexington Avenue<br>Number       Street<br><br>New York                            NY         10022<br>City                               State       ZIP Code<br><br>212-446-4878                        christopher.marcus@kirkland.com<br>Contact phone                       Email address<br><br>3014701                             NY<br>Bar number                          State |

### Schedule 1

**China Hospitals, Inc.**
**Corporate Ownership Statement**

In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), the following is the corporate ownership statement of the debtor, China Hospitals, Inc. (the "Debtor"), identifying any corporation that directly or indirectly owns 10% or more of any class of the Debtor's equity interests:

- Classroom Investments, Inc., a wholly-owned subsidiary of Ontario Teachers' Pension Plan Board, directly owns 19.77% of China Hospitals, Inc.

- Dragon Dosan Technology Limited directly owns 47.24% of China Hospitals, Inc.

**Schedule 2**

**Others Entitled to Notice**

<u>All persons or bodies authorized to administer foreign proceedings of the debtor</u>

Mr. Cosimo Borrelli
Borrelli Walsh Limited
Level 17, Tower 1, Admiralty Centre
18 Harcourt Road
Hong Kong
People's Republic of China

Mr. Luke Almond
Borrelli Walsh (Cayman) Limited
G/F Harbour Place
103 South Church Street
Georgetown, Grand Cayman
KY1-1204 Cayman Islands


<u>All entities whom provisional relief is being sought under § 1519 of the Bankruptcy Code</u>



Bank of America, N.A.
100 N. Tryon Street, Ste 170
Charlotte, NC 28255
Fax: 704-386-6699

2

## **Schedule 3**

**Statement Identifying Each Country in Which Foreign Proceeding is Pending**

- High Court of the Hong Kong Special Administrative Region, Court of First Instance Hong Kong Special Administrative Region, People's Republic of China (Recognition of Cayman Islands Proceeding)

**Schedule 4**

**Hong Kong Recognition Order**

**Hong Kong Recognition Order**

HCMP 564 / 2019

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 564 OF 2019



IN THE MATTER OF an application for recognition and assistance by the Joint Official Liquidators of CHINA HEALTHCARE INC (IN OFFICIAL LIQUIDATION IN CAYMAN ISLANDS)

AND

IN THE MATTER OF THE INHERENT JURISDICTION OF THE COURT

---

### BEFORE THE HONOURABLE MR JUSTICE HARRIS IN CHAMBERS

### ORDER

UPON the application of the joint official liquidators of China Healthcare Inc (In Liquidation in Cayman Islands) by way of Ex-parte Originating Summons filed on 16 April 2019.

AND UPON reading the Affidavit of Cosimo Borrelli together with the exhibits referred to therein filed on 16 April 2019

**IT IS ORDERED** that:-

1. The liquidation of CHINA HEALTHCARE INC ("**China Healthcare**") by the Order of Grand Court of the Cayman Islands ("**Cayman Court**")

made on 13 September 2018 ("**Winding Up Order**") be recognised by this Court.

2. The appointment of Cosimo Borrelli of Borrelli Walsh Limited, Level 17, Tower 1, Admiralty Centre, 18 Harcourt Road, Hong Kong and Luke Almond of Borrelli Walsh (Cayman) Limited, P. O. Box 30847, Strathvale House, 3rd Floor, 90 North Church Street, George Town, Grand Cayman, Cayman Islands, KY1-1204 as Joint Official Liquidators of China Healthcare ("**JOLs**"), pursuant to the Winding Up Order and the Order made by the Cayman Court on 15 January 2019, be recognised by this Court.

3. The JOLs have and may exercise such powers as are available to them as a matter of the Cayman Islands law to the extent of the furtherance of the JOLs' duties set out in the Winding Up Order and the Cayman Islands Companies Law (2018 Revision), and would be available to them under the laws of Hong Kong as if they had been appointed liquidators of China Healthcare under the laws of Hong Kong and in particular, but without prejudice to the generality of the foregoing, for the following purposes:

    a) to locate, protect, secure and take into their possession and control all assets and property within the jurisdiction of the courts of Hong Kong to which China Healthcare is or appears to be entitled;

    b) to locate, protect, secure and take into their possession and control the books, papers and records of China Healthcare including the accounting and statutory records within the jurisdiction of the courts of Hong Kong and to continue their investigations into the assets and affairs of China Healthcare and the circumstances which gave rise to their insolvency;

c) to retain and employ barristers, solicitors or attorneys and/or such other agents or professional persons as the JOLs consider appropriate for the purpose of advising or assisting in the execution of their powers and duties; so far as may be necessary to supplement and to effect the powers set out at paragraphs 3(a) and 3(b) above, to bring and/or continue legal proceedings and make all such applications to this Court, whether in their own names or in the name of China Healthcare, on behalf of or for the benefit of China Healthcare including any applications for ancillary relief such as freezing orders, search and seizure orders in any legal proceedings commenced, and/or for orders for disclosure, the production of documents and/or examination of third parties which it is anticipated may be made by the JOLs to facilitate their ongoing investigations into the assets and affairs of China Healthcare and the circumstances which gave rise to their insolvency;

d) exercise the rights to which a registered holder of any shares or other securities registered in the name of China Healthcare, or to which an owner of any shares or securities held by or on behalf of China Healthcare (whether as principal or agent), is entitled including, but without prejudice to the generality of the foregoing power, the right to receive dividends and the benefits of other corporate actions in relation to such shares or other securities; the right to pass or sign shareholder resolutions and to attend meetings and exercise any voting power pertaining to such shares or other securities and to direct nominees of China Healthcare in whose names shares or other securities beneficially owned by China Healthcare are registered to exercise all or any such rights as the JOLs shall direct;

e) to take control of such of the direct and/or indirect subsidiaries ("**Subsidiaries**") of China Healthcare, and/or joint ventures, investment, associated companies, business or other entities (together, "**Associated Companies**") in which China Healthcare holds an interest (or such shares or such subsidiaries and/or associated companies as are owned directly or indirectly by China Healthcare), in each case wherever located (together, "**Group**"), as the JOLs shall think fit; and/or to call or cause to be called such meetings of such Subsidiaries and/or Associated Companies and/or to sign such resolutions (in accordance with the provisions of any relevant constitutional or related documentation of such companies) and take such other steps, including applications to appropriate courts and/or regulators, as the JOLs shall consider necessary to appoint or remove directors, legal representatives, officers and/or managers to or from such Subsidiaries and/or Associated Companies, and in each case take such steps as are necessary to cause the registered agents (or other equivalent corporate administrators) of such Subsidiaries and/or Associated Companies to give effect to the changes to the boards of directors, legal representatives, officers and/or managers of such companies or entities, including without limitation effecting changes to the company registers of such Subsidiaries and/or Associated Companies as may be deemed appropriate by the JOLs; and/or to take such other action in relation to all such Subsidiaries and/or Associated Companies as the JOLs shall think fit for the purpose of protecting the assets of China Healthcare and managing the affairs of China Healthcare (which for the avoidance of doubt, shall include the assets and affairs of the Subsidiaries and/or Associated Companies);

    f)      to open and operate bank accounts in the name of China Healthcare or in their own name on behalf of China Healthcare in the Cayman Islands, Hong Kong, the People's Republic of China or elsewhere;

    g)      to communicate on behalf of China Healthcare with the regulators as appropriate;

    h)      to take steps to locate, demand and secure cash held by all group companies in bank accounts in Hong Kong, the People's Republic of China or elsewhere; and

    i)      to do all other things incidental to the exercise of the powers set out above.

4. Anything that is authorised or required to be done by the JOLs is to be done by all or anyone or more of the persons appointed.

5. For so long as China Healthcare remains in liquidation in the Cayman Islands, no action or proceeding shall be proceeded with or commenced against China Healthcare or its/their assets or affairs, or its/their property within the jurisdiction of the courts of Hong Kong, except with leave of this Court and subject to such terms as this Court may impose.

6. There by liberty to apply; and

7. Costs of this application be paid out of the assets of China Healthcare as an expense of the liquidation.

Dated the 7th day of May 2019.

*Registrar*

HCMP 564 / 2019

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 564 OF 2019

---

IN THE MATTER OF an application for recognition and assistance by the Joint Official Liquidators of CHINA HEALTHCARE INC (IN OFFICIAL LIQUIDATION IN CAYMAN ISLANDS)

AND

IN THE MATTER OF THE INHERENT JURISDICTION OF THE COURT

---

### ORDER

Dated the 7th day of May 2019
Filed on the 7th day of May 2019.

**P. C. Woo & Co.**
Solicitors of the Applicants
Room 1225, 12th Floor,
Prince's Building,
10 Chater Road,
Central, Hong Kong
Tel: 2533 7700   Fax: 2810 1179
Ref.: 130458:SPT:YCC:KHC

**Schedule 5**

**Cayman Islands Winding Up Order**

5

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 119 OF 2018 (IKJ)**



13TH SEPTEMBER 2018
HONOURABLE JUSTICE KAWALEY
IN OPEN COURT

**IN THE MATTER OF THE COMPANIES LAW (2018 REVISION)**

**AND IN THE MATTER OF CHINA HOSPITALS, INC (IN PROVISIONAL LIQUIDATION)**

**WINDING UP ORDER**

**UPON** the application of Classroom Investments Inc. (the "**Petitioner**") upon its Petition dated 12 July 2018 for an order that China Hospitals, Inc (In Provisional Liquidation) (the "**Company**") be wound up.

**AND UPON** hearing Counsel for the Petitioner and the Company

**AND UPON** reading the First, Second and Third Affidavits of Jeffrey David Davis, each respectively sworn on 28 June 2018, the First Affidavit of Cosimo Borrelli, sworn 27 June 2018, the First Affidavit of Samantha Wood, sworn 28 June 2018, the Second Affidavit of Timmy Myles, sworn 3 August 2018, the First Affidavit of Kelly Longton Naphtali, sworn on 7 August 2018, the First Affidavit of Kwan Yi Wing, sworn 3 September 2018, the First Affirmation of Wai-Man Lau (also known as Raymond Lau), affirmed 6 September 2018 and the First Affidavit of Mary Helen Austin, sworn 7 September 2018, together with the exhibits thereto

**IT IS ORDERED THAT**:

1.      The Company be wound up in accordance with the Companies Law (2018 Revision) (the "**Companies Law**").

2. **Cosimo Borrelli** of Borrelli Walsh Limited, Level 17, Tower 1, Admiralty Centre, 18 Harcourt Road, Hong Kong and **Samantha Wood** of Borrelli Walsh (Cayman) Limited, G/F Harbour Place, 103 South Church Street, George Town, Grand Cayman KY1-1204, Cayman Islands be appointed as joint official liquidators of the Company (the "**JOLs**").

3. The JOLs shall not be required to give security for their appointment.

4. The JOLs have the power to act jointly and severally in their capacity as liquidators of the Company.

5. The JOLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JOLs and/or their appointment and/or powers in any other relevant jurisdiction and to make applications to the courts of such jurisdictions for that purpose.

6. In addition to the powers set out in Part II of the Third Schedule to the Companies Law, the JOLs be authorised to exercise all of the powers set out in paragraphs 1, 2, 4, 5, 6, 7, 8, 10 and 11 of Part I of the Third Schedule to the Companies Law and section 110(2) thereof without further sanction of the Court.

7. The JOLs be authorised to do any acts or things considered by them to be necessary or desirable in connection with the liquidation of the Company and the winding up of its affairs in the Cayman Islands and/or elsewhere.

8. Without prejudice to the generality of the foregoing, the JOLs be authorised and be granted leave to take all such actions as may be necessary to:

    (a) exercise the rights to which a registered holder of any shares or other securities registered in the name of the Company, or to which an owner of any shares or securities held by or on behalf of the Company (whether as principal or as agent), is entitled including, but without prejudice to the generality of the foregoing power, the right to receive dividends and the benefits of other corporate actions in relation to such shares or other securities; the right to pass or sign shareholder resolutions and to attend meetings and exercise any voting power pertaining to such shares or other securities and to direct nominees of the

8358095.2 O0618.H11331

Company in whose names shares or other securities beneficially owned by the Company are registered to exercise all or any such rights as the JOLs shall direct;

(b) take control of such of the direct and/or indirect subsidiaries ("**Subsidiaries**") of the Company, and/or joint ventures, investment, associated companies, business or other entities (together the "**Associated Companies**") in which the Company holds an interest (or such shares of such subsidiaries and/or associated companies as are owned directly or indirectly by the Company), in each case wherever located (together, the "**Group**"), as the JOLs shall think fit; and/or to call or cause to be called such meetings of such Subsidiaries and/or Associated Companies and/or to sign such resolutions (in accordance with the provisions of any relevant constitutional or related documentation of such companies) and take such other steps, including applications to appropriate courts and/or regulators, as the JOLs shall consider necessary to appoint or remove directors, legal representatives, officers, and/or managers to or from such Subsidiaries and/or Associated Companies, and in each case take such steps as are necessary to cause the registered agents (or other equivalent corporate administrators) of such Subsidiaries and/or Associated Companies to give effect to the changes to the boards of directors, legal representatives, officers, and/or managers of such companies or entities, including (without limitation) effecting changes to the company registers of such Subsidiaries and/or Associated Companies as may be deemed appropriate by the JOLs; and/or to take such other action in relation to all such Subsidiaries and/or Associated Companies as the JOLs shall think fit for the purpose of protecting the assets of the Company and managing the affairs of the Company (which, for the avoidance of doubt, shall include the assets and affairs of the Subsidiaries and Associated Companies);

(c) stabilise and preserve value of the Company and the Group;

(d) stabilise and preserve value in the onshore business of the Company and the Group in the PRC;

    (e)    open and operate bank accounts in the name of the Company or in their own name on behalf of the Company in the Cayman Islands, Hong Kong, the PRC, or elsewhere;

    (f)    take steps to locate, demand and secure cash held by all Group companies in bank accounts in the Cayman Islands, Hong Kong, the PRC, or elsewhere;

    (g)    make applications to, and seek assistance from, the courts of any foreign jurisdictions as may be necessary in the course of their conduct as JOLs of the Company or for the purpose of carrying out any of the functions provided for herein; and

    (h)    communicate on the Company's behalf with the regulators as appropriate.

9. The JOLs be at liberty to appoint such counsel, attorneys, professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties in accordance with Order 25 of the Companies Winding Up Rules 2018.

10. No disposition of the property of the Company by or with the authority of the JOLs in carrying out their duties and functions and the exercise of their power under any Order granted pursuant to this Petition shall be voided by virtue of section 99 of the Companies Law.

11. Subject to section 109(2) of the Companies Law and the Insolvency Practitioner's Regulations 2008 (as amended), the JOLs be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

12. The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company as an expense of the liquidation.

13. The JOLs be at liberty to apply generally.



8358095.2 O0618.H11331

14. The Petitioner's costs of and incidental to the Petition shall be paid forthwith out of the assets of the Company as an expense of the liquidation, such costs to be taxed on an indemnity basis if not agreed with the JOLs, without prejudice to any further order the Court may make under Section 24 of the Judicature Law (2017 Revision) ("**Section 24**").

**AND IT IS FURTHER DIRECTED THAT:**

15. The Petitioner shall file written submissions in respect of their application under Section 24 to require Dr Hu Chuanping Frank ("**Dr Hu**") to pay for the Petitioner's costs of and incidental to the Petition within 7 days, and the Company and Dr Hu have leave to respond within 14 days thereafter and, unless otherwise ordered, such application shall be determined on the papers without the need for any oral hearing.

**DATED** the 13th day of September 2018

**FILED** the 18 day of September 2018

_____
**The Honourable Mr Justice Kawaley**
**JUDGE OF THE GRAND COURT**

**THIS ORDER** was filed by Walkers, Attorneys-at-Law for the Petitioner, whose address for service is that of its said attorneys, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands.

8358095.2 O0618.H11331

Approved as to form and content:

_____
**Walkers**
Attorneys for the Petitioner

*Forbes Hare*
_____
**Forbes Hare**
Attorneys for the Company

8358095.2 O0618.H11331